IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GERARDO LEYVA, ID # 33519-177,    )<br>           Movant,                                    )<br>vs.                                                          )<br>                                                             )<br>UNITED STATES OF AMERICA,         )<br>           Respondent.                            ) | No. 3:09-CV-0276-K<br>No. 3:05-CR-0122-K (01) |

## MEMORANDUM OPINION AND ORDER

Under consideration is movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Mot. Vacate") filed earlier this year. The respondent is the United States of America ("Government").

## I. BACKGROUND

On October 20, 2006, the Court entered judgment and sentenced movant to life imprisonment after a jury found him guilty of money laundering and conspiracy to distribute a controlled substance. (*See* Judgment, doc. 432 in criminal case.) The convictions were affirmed on appeal. *See United States v. Leyva*, No. 06-11172, 2007 WL 3230321 (5th Cir. Oct. 31, 2007). Movant did not file a petition for writ of certiorari. (*See* Factual Statement, doc. 5 in civil action.)

On January 30, 2009, movant, a prisoner currently incarcerated in the federal prison system, submitted the instant motion to vacate to prison authorities for mailing but the motion was returned to him due to insufficient postage. (*See* Answers to Court Questionnaire, doc. 3 in civil action.) The Court received the motion on February 11, 2009, after movant resubmitted it. (*See* Mot. Vacate at 1.) Movant raises four issues:

(1) violation of his speedy trial rights; (2) misapplication of 21 U.S.C. § 851 to impose a life sentence; (3) ineffective assistance of trial counsel; and (4) abuse of discretion. (*Id.* at 5.) On June 15, 2009, the Court granted movant thirty days to explain why this case is not barred by the applicable statute of limitations. (*See* Order, doc. 4 in civil action.) In response, movant explains that his motion to vacate was due on or before January 31, 2009, because he is entitled to ninety-days for filing a petition for writ of certiorari even if he does not file such petition. (Factual Statement at 4.) He requests equitable tolling only on grounds that his January 30, 2009 submission was returned for insufficient postage due to a faulty prison postage scale, and that he promptly resubmitted the motion to vacate. (*Id.* at 5-6.) The Court has not ordered the Government to respond to the motion.

## II. STATUTE OF LIMITATIONS

Section 2255(f) of Title 28 of the United States Code "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

2

>United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in [(f)](1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 545 U.S. at 357.

Movant contends that his motion to vacate is timely under 28 U.S.C. § 2255(f)(1), and makes no attempt to show the applicability of the other subparagraphs. (*See generally* Factual Statement.)  Because no facts exist to invoke the other subparagraphs, movant properly relies on (f)(1).  Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to § 2255(f)(1).

With regard to (f)(1), movant's federal conviction became final ninety days after the Fifth Circuit Court of Appeals affirmed his conviction and movant failed to file a writ of certiorari with the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or

3

when the time for filing a certiorari petition expires"); *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam) (holding "that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition"). Although movant calculated the ninety-day period as expiring on January 31, 2008, he apparently failed to recognize that ninety-days is merely a rough approximation of three full months. Because December has thirty-one days, Movant's federal conviction became final on January 29, 2008.

By submitting his initial filing to prison authorities on January 30, 2009, movant missed the one-year deadline by one day even if the Court deemed the submission filed on that day pursuant to the prison mailbox rule. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that under the prison mailbox rule, a prisoner filing is deemed filed when the prisoner delivers the document to prison authorities for mailing to the court). However, the mailbox rule "does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993). A prisoner does not comply with this standard when he fails "to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail." *Id.* Under these authorities, it does not appear that movant officially filed his motion to vacate until he resubmitted it with proper postage. In any

4

event, whether movant filed his motion to vacate on January 30, 2009, or later when he resubmitted it, the motion is untimely in the absence of equitable tolling.

While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), movant has provided no basis to equitably toll the limitations period for enough time to save his motion from being deemed untimely. His request for equitable tolling relates only to explaining why his January 30, 2009 submission was returned for insufficient postage. For purposes of this action, the Court will assume without deciding that tolling may be warranted for the malfunction of the prison postage scale. *See Hampton v. Cockrell*, 51 Fed. App'x 482, 482 (5th Cir. 2002) (recognizing an argument for such tolling). However, even with such tolling, movant filed his motion one day late. Furthermore, "ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). More specifically, a miscalculation of the limitations period is insufficient to warrant equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). For all of these reasons, equitable tolling does not save the instant motion to vacate.

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b).  In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV.  CONCLUSION

For the foregoing reasons, the Court summarily **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as untimely.

**SO ORDERED.**

**SIGNED this 27th day of July, 2009.**

_____
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**